318 June 3, 2026 No. 499

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIN HEATHER LEEANNE ELLIS,
*Defendant-Appellant.*

Lincoln County Circuit Court
21CR40707; A184863

Amanda R. Benjamin, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment revoking probation and sentencing her to 28 months' incarceration with three years (36 months) of post-prison supervision. In a single assignment of error, she argues that the trial court plainly erred when it imposed that sentence because the total sentence of 64 months is four months longer than the maximum permitted for her conviction for first-degree criminal mistreatment. *See* ORS 163.205(3) (providing that first-degree criminal mistreatment is a Class C felony); ORS 161.605(3) (providing that the maximum penalty for a Class C felony is five years (60 months)). In response, the state concedes that defendant's sentence is longer than permitted under ORS 161.605 and OAR 213-005-0002(4). However, the state argues that defendant's challenge is unreviewable under ORS 138.105(9) because it resulted from a stipulated sentencing agreement. We affirm.

Defendant concedes that she did not preserve her challenge in the trial court, but asks us to review for plain error because, she asserts, the record plainly establishes that the post-prison supervision term was not part of the stipulated sentencing agreement. As a result, she argues, her claim is both reviewable and demonstrates plain error. We disagree with defendant's argument on the question of reviewability.

Plain error requires "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Here, this record is subject to competing inferences as to whether the post-prison supervision term was part of the stipulated sentencing agreement. To be sure, the written stipulation paragraph does not expressly mention a term of post-prison supervision and the original plea colloquy did not explicitly discuss the post-prison supervision term. However, the written stipulation paragraph and the colloquy indicate that defendant stipulated to a 7-B "grid block" and the plea petition indicates that the post-prison supervision term for the 7-B grid block is three years. Moreover, the judgment entered after the plea and without objection

from defendant reflects a revocation sentence of 28 months' incarceration with three years of post-prison supervision. Because it is not obvious or beyond reasonable dispute that the post-prison supervision term was not part of the stipulation, defendant has not established that her claim is reviewable.

Affirmed.